UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURLEY JOHN BROUSSARD, JR., | ) | 1:08-CV-01926 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND TERMINATE |
| LEE ANN CHRONES, et al., | ) | CASE |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 9, 2009, Petitioner returned the consent/decline form and indicated consent to the jurisdiction of the Magistrate Judge.

On January 9, 2009, Petitioner filed the instant first amended petition for writ of habeas corpus. He is currently serving a sentence of 17 years to life for a second degree murder conviction out of Los Angeles County Superior Court.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not

1 entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim. He makes numerous broad allegations against the California Department of Corrections and Rehabilitation, the California Board of Prison Terms and the California Correctional Peace Officer Association. These broad allegations include claims of "deliberate indifference," "false imprisonment," "conspiracy," "conflict

of interest," fabrication of reports, manipulation of medical records, stealing of property, and provocation of violence. Petitioner merely states his contentions with no additional description or supporting facts. His claims are completely conclusory.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'").  In addition, none of these claims, even if supported, would suffice to present a cognizable federal claim. These claims involve the conditions of his confinement; they do not challenge the legality of his custody. Therefore, they must be presented in a civil rights action, not a habeas action.

Rule 4 of the Rules Governing Section 2254 Cases explicitly allows the district court to dismiss summarily a habeas petition when no claim for relief is stated.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990.)  Petitioner has already been presented with an opportunity to present a cognizable claim.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.

 IT IS SO ORDERED.

Dated:   **January 14, 2009**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California    cd                     3