UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURLEY JOHN BROUSSARD, JR., | ) | 1:08-CV-01926 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | [Doc. #16] |
| | ) | |
| LEE ANN CHRONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 9, 2009, Petitioner returned the consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

On January 9, 2009, Petitioner filed a first amended petition for writ of habeas corpus. After conducting a preliminary review of the petition, on January 14, 2009, on the Court's own motion, the petition was dismissed with prejudice for failure to state a claim. Judgment was entered on the same date. On February 2, 2009, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner fails to meet this standard. As discussed in the order dismissing the petition, Petitioner's claims are not cognizable in a federal habeas action. His claims concern conditions of his confinement and must therefore be presented in a civil rights action. Petitioner's arguments for reconsideration present no basis for relief.

Accordingly, the Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **February 11, 2009**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE